# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

HENRY JOHNSON, )
)
        Petitioner/Defendant, )
)
v. ) Case No. 00-20056-1-CM
)
)
UNITED STATES OF AMERICA, )
)
        Respondent/Plaintiff. )
_____)

## MEMORANDUM AND ORDER

The matter comes before the court on petitioner's Motion to Vacate Conviction And/Or Sentence (Doc. 98). Petitioner argues that his motion should be granted on three grounds: (1) the government could not prove beyond a reasonable doubt the charge in Count One of the Indictment, in violation of 18 U.S.C. §§ 1951 & 1952; (2) the commerce nexus is an "interstate" not "intrastate" commerce nexus and cannot be proven by "intrastate" actions not leading to any effect on "interstate commerce;" and (3) the career offender finding is based on a wrong assumption of the guideline provision under which the term of imprisonment was established. (Doc. 98, at 1.) For the reasons set forth below, this court dismisses the motion.

**I.     Factual and Procedural Background**

Petitioner pleaded guilty to Counts 1 and 2 of the Superseding Information, aiding and abetting unlawful obstruction of commerce by robbery, and aiding and abetting the use and carrying of a firearm during and in relation to a crime of violence, respectively. District Judge G. Thomas VanBebber sentenced petitioner on January 16, 2001, to a controlling term of 211 months imprisonment. Judgment was entered on January 19, 2001, as to defendant's sentence.

Petitioner appealed his sentence, and an appeal mandate was issued on October 3, 2001, affirming the decision of the District Court. Petitioner filed a petition for writ of certiorari with the Supreme Court, which was denied on February 16, 2002. Petitioner filed the current motion to vacate or correct sentencing on August 25, 2011.[1]

## II.   Legal Standard and Analysis

Under 28 U.S.C. § 2255(a), a prisoner in custody has the right to challenge a sentence imposed by the District Court if it is in violation of the Constitution or other law of the United States, or if the sentence imposed was in excess of the maximum authorized by law.

A one-year statute of limitations, however, applies to a petitioner's claims under 28 U.S.C. § 2255. *See United States v. Whitehorse*, 354 F. App'x, 317, 318 (10th Cir. 2009).

Under 28 U.S.C. § 2255(f):

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A conviction becomes final upon the expiration of petitioner's time for filing an appeal. *United States v. Mauldin*, No. 06-3018-SAC, 2006 WL 276496, at *1 (D. Kan. Feb. 1, 2006) (citing

---

[1] Defendant's motion is titled "Motion to Vacate Conviction and/or Sentence." Because petitioner asks this court to grant relief by vacating and/or correcting his conviction and/or sentence, this court will consider this habeas petition as one filed pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court. . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

*United States v. Burch*, 202 F.3d 1274, 1278–79 (10th Cir. 2000)). Petitioner's conviction became final on February 16, 2002, the day the Supreme Court denied his petition for writ; petitioner had one year from that date to file a § 2255 motion, or until February 16, 2003. *United States v. Spencer*, 283 F. App'x 633, 636 (10th Cir. 2008) (citing 28 U.S.C. § 2255(f) and *United States v. Gabaldon*, 522 F.3d 1121, 1123 (10th Cir. 2008)).

There are "rare and exceptional circumstances" that will toll the one-year statute of limitations period. *United States v. Penn*, No. 05-5059, 2005 WL 3008784, at *2 (10th Cir. Nov. 10, 2005) (quoting *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003)). Examples of these circumstances include "when a prisoner is actually innocent, when an adversary's conduct-or other uncontrollable circumstances-prevents him from timely filing, or when he actively pursues judicial remedies but files a defective pleading during the statutory period." *United States v. Fredette*, No. 05-8128, 2006 WL 2277989, at *2 (10th Cir. Aug. 9, 2006) (citing *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citations and quotation marks omitted)). However, "[s]imple excusable neglect is not sufficient." *Penn*, 2005 WL 3008784 at *2 (quoting *Gibson*, 232 F.3d at 808)). An inmate must "diligently pursue[] his claims" for equitable tolling to apply. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

Petitioner fails to address the fact that his motion is filed over eight years after his petition for writ was denied, and why he has not "diligently pursued his claims" before now. *Id*. Petitioner has not demonstrated "rare and exceptional" circumstances that would require tolling of the one-year statute of limitations. *Penn*, 2005 WL 3008784, at *2. He pleaded guilty to two counts of a Superseding Information and does not maintain he was innocent of the charges, there is no evidence that the government prevented him from timely filing this motion, and he has failed to demonstrate that he has actively pursued remedies with the court since his petition for writ was denied. *Fredette*,

2006 WL 2277989, at *2. Therefore, this court will not consider petitioner's motion, filed outside of the statute of limitations, and dismisses the motion as time-barred. *Andrews v. United States*, No. 02-10073-01-JTM, 2009 WL 2355341, at *1 (D. Kan. July 29, 2009).

### III.    Certificate of Appealability

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

Petitioner has not made a substantial showing of the denial of a constitutional right. Further, the court is not convinced that a dismissal of this motion is debatable among reasonable jurists or that it was incorrect in its procedural determination. *United States v. Keyes*, 280 Fed. App'x 700, 701 (10th Cir. 2008) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of a case, a reasonable jurist could not conclude either that the district court erred in dismissing the motion or that the movant should be allowed to proceed further.") (internal quotation omitted). Therefore, the court declines to issue a certificate of appealability in accordance with Rule 11 as amended on December 1, 2009.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Vacate Conviction And/Or Sentence (Doc. 98) is dismissed as time-barred.

Dated this 2nd day of September, 2011 at Kansas City, Kansas.

>   **s/ Carlos Murguia**
>   **CARLOS MURGUIA**
>   **United States District Judge**